# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-24274-CIV-RYSKAMP/HOPKINS

DARIA PASTOUKHOVA GOGOLEVA,
Individually and as the natural parent and Legal
Guardian of the minor children A.A.P.V.,
N.M.P.V., and L.P.V., and as the Personal
Representative of the ESTATE OF LANCE
VALDEZ,

       Plaintiffs,

vs.

STEVEN MARKS, individually, and
PODHURST ORSECK, P.A., a Professional
Association,

       Defendants.

_____ /

## ORDER GRANTING MOTION TO STAY

THIS CAUSE comes before the Court pursuant to Defendants' motion to stay, filed

December 12, 2014 **[DE 14]**.  Plaintiff responded on January 8, 2015 **[DE 18]**.  Defendants

replied on January 26, 2015 **[DE 21]**.  This motion is ripe for adjudication.

## I.     BACKGROUND

This malpractice lawsuit arises out of a helicopter crash that occurred on November 22,

2012, in the Bahamas.  Lance Valdez, who was one of four passengers in the helicopter, died in

the crash.  The three other passengers, Jeffry Soffer, Daniel Riordan, and Paula Riordan,

survived.  The pilot, David Pearce, also survived.

Defendants represented Plaintiffs, Valdez's wife and children, in obtaining settlement

proceeds from the helicopter's insurer.  Although the surviving passengers all suffered injuries in

the crash, they waived their interests in the insurance proceeds so that Plaintiff and her children could recover the full amount of the bodily injury policy limits.  As part of the settlement with the insurer, Plaintiffs, the insurer, and the surviving passengers signed a Full and Final General Mutual Release of All Claims (the "Release"), which released all of the signatories from any claims they may have had against each other related to the helicopter crash.

In January 2014, Plaintiffs filed a lawsuit against the surviving passengers, among others, in the Eleventh Judicial Circuit of Miami-Dade County (the "State Court Action"), to rescind the Release and for monetary damages.  The central allegation of the State Court Action is that the defendants conspired to misrepresent that Pearce was the pilot in control of the helicopter at the time of the crash to conceal that one of the passengers, Soffer, was the pilot at the time of the crash.  On August 30, 2014, the court entered an dismissing the action.  Plaintiffs have appealed the dismissal, and the Third District Court of Appeal has accepted jurisdiction.  The State Court Case is stayed pending resolution of the appeal.  Defendants request that the instant case be stayed on the grounds that it is premature given the pendency of the State Court Action.

## II.      LEGAL STANDARD

A claim for legal malpractice does not accrue until redressable harm occurs.  *See Peat, Marwick, Mitchell & Co. v. Lane*, 565 So. 2d 1323, 1325 (Fla. 1990) (stating that professional negligence claim does not accrue until redressable harm has been established); *Bierman v. Miller*, 639 So. 2d 627, 628 (Fla. 3d DCA 1994) (holding that plaintiff had not suffered redressable harm in malpractice suit where lawsuit deciding viability of agreement underlying malpractice claim was pending).  In a legal malpractice case, redressable harm is not established

until an adverse final judgment has been rendered against the client, including exhaustion of appellate rights; until that time, a legal malpractice claim is hypothetical and damages are speculative. *See Law Office of David J. Stern, P.A. v. Sec. Nat'l Serv. Corp.*, 969 So. 2d 962, 966 (Fla. 2007) (stating rule); *Perez-Abreu, Zamora & De la Fe, P.A. v. Taracido*, 790 So. 2d 1051, 1055 (Fla. 2001) (holding that malpractice action did not accrue until conclusion of related or underlying judicial proceeding); *Hold v. Manzini*, 736 So. 2d 138, 142 (Fla. 3d DCA 1999) (holding that malpractice claim did not accrue upon execution of release but upon court's entry of final judgment even though clients were aware of possible exposure at time of execution of release).

The Eleventh Circuit reviews issuances of stays pending resolution of related proceedings in another forum under an abuse of discretion standard. *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). Nevertheless, the Eleventh Circuit cautions that a stay shall not be "immoderate." *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (quoting *CTI-Container Leasing Corp.*, 685 F.2d at 1288)). A stay is immoderate if it is unnecessarily broad in scope and is to remain in effect for an unspecified length of time. *Lisa v. Mayorga*, 232 F.Supp.2d 1325, 1327 (S.D. Fl. 2002).

### III. <u>DISCUSSION</u>

Plaintiffs have sued Defendants for legal malpractice, breach of fiduciary duty, fraudulent misrepresentation, negligent and intentional misrepresentation, intentional and negligent infliction of emotional distress, fraudulent inducement, civil conspiracy, and breach of contract.

All of these claims stem from Defendants' representation of Plaintiffs and Plaintiffs' execution of the Release.

This case, like the State Court Action, is based on Plaintiffs' purported belief that, on the day of the crash, the helicopter was being piloted by Soffer, not Pearce, who is a licensed helicopter pilot.  Plaintiffs further claim that Soffer, the Riordans, Defendants, and others conspired to conceal from Plaintiff Gogoleva that Soffer, not Pearce, was at the controls when the helicopter crashed.  After the crash, Defendants represented Plaintiffs and the surviving passengers in connection with obtaining insurance proceeds for their injuries.  Plaintiffs allege that Marks did not explain that Soffer could be separately liable for $150 million or more if it was found that he was actually in control of the helicopter at the time of the crash.

In the State Court Action, Plaintiffs seek a monetary recovery greater than the $2 million obtained from the insurance company by imposing personal liability on Soffer, the Riordans, and others who allegedly concealed that Soffer was piloting the helicopter at the time it crashed. Plaintiffs allege that Gogoleva was the victim of a conspiracy that intended to conceal from her that Soffer, not Pearce, was piloting the helicopter when it crashed.  Plaintiffs assert the following claims in the State Court Action: wrongful death, fraudulent inducement, conspiracy, rescission of the release and declaratory judgment.  The factual allegations that form the basis of these claims are nearly identical to the factual allegations that are asserted in this case.

It is impossible to know whether the injury that Plaintiffs allege in this case – the inability to pursue an action against Soffer and the Riordans – will occur until Plaintiffs' case against Soffer and the Riordans is concluded.  Plaintiffs cannot presently establish or allege redressable harm or injury.  If this case were allowed to proceed, Plaintiffs would have to establish in this

Court that the Release bars them from recovering from Soffer and the Riordians, while at the same time attempting to establish in the State Court Action that the Release does not prevent them from recovering against those individuals.  Awaiting resolution of the State Court Action avoids the "wholly untenable position" of having Plaintiffs maintain "directly contrary positions" in two different courts.  *Peat Marwick Mitchell & Co.*, 565 So. 2d at 1326.  As the Florida Supreme Court has cautioned, "[t]o require a party to assert these two legally inconsistent positions in order to maintain a cause of action for professional malpractice is illogical and unjustified."  *Id*.

Plaintiffs rely on the Rules of Professional Conduct to establish the redressable harm element of a malpractice claim.  This reliance is misplaced because a violation of the Rules in and of itself does not mean that a plaintiff has been damaged.  As noted, the preamble to those Rules explicitly states that they do not give rise to a cause of action and should not create any presumption that a duty has been breached.  *See also*, *Smith v. Bateman Graham*, 680 So.2d 497, 498 (Fla. 1st DCA 1996) (citing preamble and noting that the ethics rules preclude a private cause of action arising from a violation of the rules).  In short, the Rules: "are not designed to be a basis for civil liability."  *Id.* (citing R. Regulating Fla. Bar 4-Preamble).

Staying this action pending conclusion of the State Court Action will eliminate the possibility of Plaintiffs maintaining contradictory positions in the two actions.  A stay pending conclusion of the State Court Action will also preserve judicial resources by eliminating the risk that the Court and the parties will spend time and money litigating the claims against Defendants only to find out during that process that Plaintiffs' alleged injuries never materialized because they were able to rescind the Release in the State Court Action and/or recover damages against

6

Soffer and the Riordians.

## IV.    <u>CONCLUSION</u>

THE COURT, having considered the motion, attendant filings and being otherwise fully advised, hereby

ORDERS AND ADJUDGES that the motion to stay, filed December 12, 2014 **[DE 14]**, is GRANTED.  The above-styled case shall be STAYED pending final resolution of the State Court Action.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 3d day of February, 2015.

<u>S/Kenneth L. Ryskamp</u>
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE